<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CINDY WRIGHT, | Civil Action No. 19-5131 (SRC) |
| Plaintiff, | |
| v. | OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Cindy Wright ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning March 24, 2012. A hearing was held before ALJ Douglass Alvarado (the "ALJ") on July 17, 2018, and the ALJ issued an unfavorable decision on October 11, 2018, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of October 11, 2018, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations. At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on a number of grounds, but this Court need only reach the arguments that succeed: at step five, the ALJ erred in formulating the hypothetical, and the step five determination is not supported by substantial evidence.

At the outset, the Court observes that the Commissioner's brief contains no opposition to Plaintiff's step five arguments. Plaintiff's brief contains roughly five pages of argument about step five. The Commissioner's opposition brief addresses Plaintiff's step five arguments with only one sentence: "Plaintiff appears to recycle her argument that the RFC does not account for her limitations in concentration, persistence, and maintaining pace (Pl.'s Br. 34-37), and thus the Commissioner relies upon her initial response this argument [*sic*]." (Def.'s Opp. Br. 23.) As this sentence states, the Commissioner's brief contains a previous section in which it addresses Plaintiff's arguments about issues of concentration, persistence, and pace at steps three and four. This previous section does not address step five. Thus, the Commissioner is mistaken in viewing Plaintiff's arguments at step five as recycled arguments that had already been addressed. This leaves Plaintiff's step five arguments largely unopposed.

2

Plaintiff makes two arguments about step five: 1) the hypothetical is insufficient under Third Circuit law; and 2) the vocational expert's ("VE") testimony does not constitute substantial evidence that there are jobs plaintiff can perform.

As to the first point, Plaintiff challenges the formulation of the hypothetical in view of the ALJ's findings at step three. At step three, the ALJ stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has marked limitations. For example, according to the examination report of October 4, 2012, claimant demonstrated concentration difficulties, having difficulty counting backwards from 20 by threes. She tended to give up quickly on challenging tasks (Exhibit 5F).

(Tr. 625.) The ALJ thus determined that Plaintiff has a marked limitation of the ability to concentrate, persist, and maintain pace. The ALJ cited evidence of Plaintiff's difficulties with both concentrating (counting backwards) and persisting (giving up quickly). The Court therefore interprets the ALJ's finding to mean that Plaintiff has a marked limitation to the abilities of concentrating and persisting. The ALJ confirmed this determination of the marked limitation at step four. (Tr. 633.)

Plaintiff argues that the hypothetical presented to the VE at step five did not meet the requirements of Third Circuit law, as stated in <u>Rutherford</u>. The ALJ presented four hypotheticals, but the last three incorporated the first hypothetical and did not add any limitations related to concentration, persistence, or pace. The ALJ presented this hypothetical first:

> So I'd like you to assume a hypothetical individual of the same age and education as Ms. Wright, with the past work history you've just classified. Please further assume this hypothetical individual is able to lift, carry, push, and pull 25 pounds frequently and 50 pounds occasionally; can sit for six hours, and stand and walk for six hours. The individual could frequently climb ramps and stairs; could occasionally climb ladders, ropes, and scaffolds; can frequently balance, stoop, kneel, and crouch.

3

> Could never be exposed to unprotected heights, hazardous moving mechanical parts, or operate a motor vehicle. The individual would be able to understand, remember, and carry out simple instructions, with only occasional changes to essential job functions; would be able to make simple work-related decisions; could occasionally interact with co-workers and the public; and would be able to work in an environment where productivity was judged at the end of the day, rather than the middle of the day.

(Tr. 680-81.) Plaintiff argues that this hypothetical (and thus, all of the four) does not meet the requirements of Rutherford. In Rutherford v. Barnhart, 399 F.3d 546, 553 (3rd Cir. 2005) (citations omitted), the Third Circuit stated the following requirement for hypothetical questions to vocational experts:

> [T]he directive in *Podedworny* is that the hypotheticals posed must "accurately portray" the claimant's impairments and that the expert must be given an opportunity to evaluate those impairments "as contained in the record." […] Fairly understood, such references to all impairments encompass only those that are medically established. And that in turn means that the ALJ must accurately convey to the vocational expert all of a claimant's *credibly established limitations*.

Plaintiff contends that the hypothetical did not "accurately convey to the vocational expert all of [the] claimant's credibly established limitations." Id. Plaintiff argues that the hypothetical did not accurately convey the limitation found at steps three and four, the marked limitation to the ability to concentrate, persist, and maintain pace.

As already noted, the Commissioner did not respond to this argument beyond dismissing it as recycled. The ALJ's decision contains only one sentence which relates to the question of how the ALJ incorporated his finding of a marked limitation in concentration, persistence, and pace into both the RFC and the hypothetical. At step four, the ALJ wrote: "Finally, the claimant is limited to work in which productivity is judged at the end of the day rather than the middle of the day due to marked limitations in her ability to maintain concentration, persistence and pace as a result of her mental impairments" (hereinafter, the "Single Sentence.") (Tr. 633.) The

4

ALJ included this limitation to work with productivity judged at the end of the day in the residual functional capacity ("RFC") determination, and then appears to have based the hypothetical on that formulation.

The Commissioner argues that the Single Sentence is sufficient under the Third Circuit's decision in Hess v. Comm'r Soc. Sec., 931 F.3d 198, 211 (3d Cir. 2019), in which the Court held that "as long as the ALJ offers a valid explanation, a 'simple tasks' limitation is permitted after a finding that a claimant has 'moderate' difficulties in 'concentration, persistence, or pace.'" The problem for the Commissioner is that the Commissioner fails to persuade this Court that the Single Sentence adequately provides the valid explanation that Hess requires. Is the Single Sentence, in fact, even an explanation? To this Court, it reads less as explanation and more as conclusory assertion that "the claimant is limited to work in which productivity is judged at the end of the day rather than the middle of the day due to marked limitations in her ability to maintain concentration, persistence and pace as a result of her mental impairments." (Tr. 633.) What did the ALJ explain there? The Commissioner does not say.

Instead, the Commissioner argues for the sufficiency of the Single Sentence by pointing to the various pieces of evidence regarding concentration that the ALJ considered. That, however, misses the point both of Hess and of Plaintiff in this case. There is no dispute that the ALJ's determination that Plaintiff has a marked limitation in concentration, persistence, and pace is supported by substantial evidence. The crucial issue here is how the ALJ gave effect to that determination in the RFC and in the hypothetical. The Commissioner has failed to recognize this and has mustered evidence in support of a matter not in dispute.

The Single Sentence does not persuade the Court that the limitation used in the RFC and

5

the hypothetical accurately conveys the marked limitation found at steps three and four.   There is no question that the ALJ's findings at step three and four constitute credibly established limitations.   This Court finds that the hypothetical failed to accurately convey the marked limitation to the ability to concentrate, persist, and maintain pace.   The Court finds that the hypotheticals presented at step five fail to comply with the requirements of Rutherford.   The Commissioner bears the burden of proof at step five, and the VE's testimony in response to an improper hypothetical does not constitute substantial evidence.

Plaintiff builds on the problem of the Single Sentence in the next argument about step five.[1]   Plaintiff argues that, given the VE's testimony, there is an obvious conflict between the step five testimony, and the step three finding, and points to this exchange between the ALJ and the VE:

> Q If the hypothetical individual in hypotheticals 1 through 4 were to be off task 15 percent or more of the workday, would there be work for that individual?
>
> A Not in my opinion, no.

(Tr. 683-84.)   The ALJ credited the testimony of the vocational expert and relied on it as the basis for the step five determination.   Plaintiff is correct that there is an obvious conflict between the finding that Plaintiff has a marked limitation in the ability to concentrate and the conclusion that there are jobs Plaintiff can perform, in light of this testimony that an individual who is off task for 15% or more of the workday cannot perform any jobs.

---

[1] At step four, the Commissioner had argued: "Plaintiff fails to point to any evidence to undermine the ALJ's assessment or explain why the ALJ's explanation was insufficient *under the facts of this particular case*."   (Def.'s Br. 15.)   As already stated, the Commissioner is mistaken.   Plaintiff does this in her next argument.

The conflict appears more clearly when viewed in the light of three elements: 1) the VE's other testimony; 2) the guidance contained in the Listings; and 3) the substantial evidence standard.   Plaintiff's attorney examined the VE:

> Q And with regard to all three -- sedentary, light, and medium -- even though they're unskilled, you still have to concentrate enough to perform the task that you're doing, whether you'll be preparing documents or a meat clerk, correct?
>
> A Yes.
>
> Q And I guess that's part of staying on task. But just to explain staying on task a little more, I assume staying on task would be able to maintain attention and concentration throughout the day, except for your breaks?
>
> A That is correct.

(Tr. 685.)   There was also this exchange during the attorney's examination:

> Q And finally, the way these jobs are performed, usually, in two-hour work segments throughout the day, surrounded by a couple of breaks? Couple or three breaks?
>
> A Yes.

(Tr. 686.)   Considering all of the VE's testimony, the VE testified that, to perform the cited jobs, a worker needed to be able to concentrate well enough to be off task less than 15% of the time, or on task at least 85% of the time, for at least three two-hour blocks of time each workday.

At step three, the ALJ evaluated whether Plaintiff's mental impairments met the criteria of Listings 12.04, 12.06, and 12.15.   (Tr. 625.)   It was in this process that the ALJ first considered the evidence of limitation of concentration, persistence, and pace.   At the beginning of the relevant section of the Listings, "12.00 Mental Disorders – Adult," there is a somewhat lengthy section of guidance relevant to the application of the criteria in the mental disorder Listings that follow.   Subsection 12.00(E)(3) states:

7

> Concentrate, persist, or maintain pace (paragraph B3). This area of mental functioning refers to the abilities to focus attention on work activities and stay on task at a sustained rate. Examples include: initiating and performing a task that you understand and know how to do; working at an appropriate and consistent pace; completing tasks in a timely manner; ignoring or avoiding distractions while working; changing activities or work settings without being disruptive; working close to or with others without interrupting or distracting them; sustaining an ordinary routine and regular attendance at work; and working a full day without needing more than the allotted number or length of rest periods during the day. These examples illustrate the nature of this area of mental functioning. We do not require documentation of all of the examples.

Subsection 12.00(F)(2) states:

> The five-point rating scale. We evaluate the effects of your mental disorder on each of the four areas of mental functioning based on a five-point rating scale consisting of none, mild, moderate, marked, and extreme limitation. To satisfy the paragraph B criteria, your mental disorder must result in extreme limitation of one, or marked limitation of two, paragraph B areas of mental functioning. Under these listings, the five rating points are defined as follows:
>
> a. No limitation (or none). You are able to function in this area independently, appropriately, effectively, and on a sustained basis.
> b. Mild limitation. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited.
> c. Moderate limitation. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is fair.
> d. Marked limitation. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited.
> e. Extreme limitation. You are not able to function in this area independently, appropriately, effectively, and on a sustained basis.

Subsection 12.00(F)(3)(f)(i) states:

> To do a work-related task, you must be able to understand <u>and</u> remember <u>and</u> apply information required by the task. Similarly, you must be able to concentrate <u>and</u> persist <u>and</u> maintain pace in order to complete the task, <u>and</u> adapt <u>and</u> manage yourself in the workplace. Limitation in any one of these parts (understand <u>or</u> remember <u>or</u> apply; concentrate <u>or</u> persist <u>or</u> maintain pace; adapt <u>or</u> manage oneself) may prevent you from completing a work-related task.

Considering all of the guidance and definitions provided in Listings section 12.00 together, a marked limitation in concentration, persistence, and pace means that a claimant's ability to

8

function in that area independently, appropriately, effectively, and on a sustained basis is seriously limited.   The only greater level of impairment, extreme limitation, requires that the claimant be totally unable to function in that area.   Within the framework provided by the relevant Listings, then, the scope of a marked impairment stops just short of total inability to function.   In addition, the guidance states that a marked limitation in any one of the areas of concentration, persistence, or pace may prevent a claimant from completing a work-related task.

The last element to consider is the substantial evidence standard itself.   This Court must affirm the Commissioner's decision if it is "supported by substantial evidence."   42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986).   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).   Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance."   McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004).   At the Commissioner notes, the Supreme Court reaffirmed all of this in Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).

Considering all of this together, this Court inquires: does the record contain substantial evidence that a person with a marked limitation in concentration, persistence, and pace – who could be just short of totally unable to sustain attention – can perform a job that requires being on task for at least 85% of the time for three blocks of two hours every day?   Does it contain such relevant evidence as a reasonable mind might accept as adequate to support the conclusion that such a person can perform such a job?   This Court concludes that it does not.   No reasonable

9

person could conclude from this record that Plaintiff has the capacity to meet the job requirements stated by the VE.

      The Court concludes that the step five determination is not supported by substantial evidence, on two grounds.   First, the ALJ erred in presenting hypotheticals that did not accurately convey the limitation found at steps three and four, the marked limitation to the ability to concentrate, persist, and maintain pace.   Second, the record does not contain substantial evidence that a claimant with such a marked limitation could perform a job that requires being on task for at least 85% of the time for three blocks of two hours every day.   The Commissioner bears the burden of proof at step five and failed to meet that burden.   The Court finds Plaintiff's arguments persuasive, and the Commissioner has failed to oppose them.

      For these reasons, this Court finds that the Commissioner's decision is not supported by substantial evidence.   The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                                      s/ Stanley R. Chesler  
                                           STANLEY R. CHESLER, U.S.D.J.

Dated: July 13, 2020